UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GATHER CHURCH,<br><br>                      Plaintiff,<br>    v.<br><br>LEWIS COUNTY et al.,<br><br>                      Defendant. | CASE NO. 3:25-cv-05850-DGE<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE DECLARATIONS IN PSEUDONYM (DKT. NO. 26) |

This matter comes before the Court on Plaintiff's Motion for Leave to File Declarations in Pseudonym. (Dkt. No. 26.) The motion is unopposed. (*See* Dkt. No. 29 at 5.) For the reasons outline below, Plaintiff's motion is GRANTED.

**I    BACKGROUND**

On September 22, 2025, Plaintiff filed its complaint against Defendants, alleging that Lewis County Ordinance 1354 ("the Ordinance") violates federal and state law by limiting Plaintiff's ability to conduct its syringe services program ("SSP"). (*See* Dkt. No. 1.) SSPs, among other things, offer sterile syringes, disposal for used syringes, "provide overdose reversal

medication, vaccinations, screening and linkage to care for Hepatitis C and HIV, wound care, first aid supplies, [and] drug test kits." (*Id.* at 3.) On October 14, 2025, Plaintiff filed a motion for preliminary injunction. (Dkt. No. 25.) Plaintiff attached numerous declarations in support of its motion for preliminary injunction. (*See id.*) Plaintiff also filed this motion for leave to file two declarations in pseudonym. (Dkt. No. 26.) Plaintiff requests that the declarations of Declarants J.H. and J.A. (together "Declarants") be filed under pseudonym because their declarations "provide evidence that is centrally relevant to [Plaintiff's] claims, detailing the essential benefits, services, and functions" of Plaintiff's SSP, "as well as the harm that patients have experienced and will continue to experience" as a result of the Ordinance. (*Id.* at 2.) Plaintiff argues that Declarants "face significant risk of social stigma, public ridicule, and harassment if their identities were made public;" "federal law recognizes [Declarants'] privacy interest in their personal medical information;" and "Declarants admit to conduct that may expose them to criminal liability." (*Id.*)

Declarant J.H. is a patient who faces addiction and utilizes Plaintiff's SSP. (Dkt. No. 26-2 at 5.) J.H. requests to remain anonymous because "[h]aving an addiction and being homeless already makes [him] a target for the police and the public to harass [him], especially in [his] town." (*Id.* at 6.) J.H. stated that if forced to reveal his identity, he would withdraw his statement and "probably stop going to Gather." (*Id.* at 6–7.)

Declarant J.A. has utilized Plaintiff's SSP for the past three years to obtain "sterile syringes, fentanyl test kits, cotton, and sterile water." (*Id.* at 10.) J.A. wants to remain anonymous because he wants to keep his personal information private, he does not want his declaration to impact his ability to look for work in the future, and he is "afraid that if people in the government get mad at Gather for suing them, they will try to punish the people who use

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE DECLARATIONS IN PSEUDONYM (DKT. NO. 26) - 2

Gather's SSP." (*Id.* at 12.) J.A. states he only feels comfortable sharing his declaration if he can remain under pseudonym because he does not want "the government or the police to see this information" nor does he want "people in the public to harass" him. (*Id.*)

## II  DISCUSSION

Though the usual presumption is that parties and declarants will use their real names in a case, the Ninth Circuit allows pseudonyms "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.' " *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). These "unusual cases" involve "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in the knowing the party's identity." *Id.* at 1068.

Generally, the Ninth Circuit has allowed parties or declarants to proceed anonymously: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature'; and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct.' " *Id.* (alteration in original) (internal citations omitted). When determining the need for anonymity to protect from harm, courts look to: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (internal citations omitted).

Here, the Court finds that granting Plaintiff leave to file two declarations in support of Plaintiff's motion for preliminary injunction in pseudonym is appropriate. The Declarants' fear of retaliation is reasonable and severe. *See Doe 1 v. Noem*, No. 2:25-CV-00663-DGE, 2025 WL 1434925 (W.D. Wash. May 19, 2025); *New York v. McMahon*, No. 1:25-CV-10601-MJJ, 2025

WL 1478387 (D. Mass. Mar. 21, 2025); *Jones v. Trump*, No. 25-401, 2025 WL 485419 (D.D.C. Feb. 13, 2025).  The Declarants provide information about their health and addiction struggles, along with their reasons why the disclosure of such private information would negatively impact how they are perceived and treated in their small community.  Though the "Court cannot know *ex ante* how severe," retaliation or harm would result if Declarants' names were revealed, and "the Court need not—and will not—expose [Declarants] to a social experiment to find out." *Doe v. Noem*, 2:25-CV-00633-DGE, 2025 WL 1295664, at *2 (W.D. Wash. May 5, 2025) (citing *Advanced Textile Corp.*, 214 F.3d at 1071).  Any risk of prejudice to Defendants or the public is far outweighed by the risks to Declarants.  Defendants and the public are fully aware of the parties involved in this case, as this Motion involves only Declarants, not Plaintiff.  Furthermore, Defendants do not object to Declarants proceeding under pseudonym.  (*See* Dkt. No. 29 at 5.)

### III     CONCLUSION

Having considered the instant motion, declarations, and the remainder of the record, the Court GRANTS Plaintiff's Motion for Leave to File Declarations Under Pseudonym.  (Dkt. No. 26.)

Dated this 23rd day of October, 2025.

David G. Estudillo
United States District Judge